UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. REED,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT L. AYERS, warden,<br><br>    Respondent.<br>_____ / | No. C 08-2858 MHP (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Jesse L. Reed, an inmate at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Reed was convicted in or about 1985 in an unidentified court of first degree murder and was sentenced to 25 years to life in prison. His petition does not challenge his conviction but instead challenges a June 22, 2007 decision by Governor Arnold Schwarzenegger to find him unsuitable for parole, reversing a January 23, 2007 decision by the Board of Parole Hearings ("BPH") that he was suitable for parole. Attachments to the petition indicate that Reed filed habeas petitions in state courts, including the California Supreme Court, before filing this action.

/ / /

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Reed alleges in his petition that the governor's decision violated his right to due process because it was not supported by some evidence and was based on different evidence than that relied on by the BPH. Liberally construed, the allegations present a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Reed also alleges that the governor's reversal of the BPH's decision violated his right to be free from the ex post facto application of laws. He contends that an ex post facto violation occurred because the governor did not obtain the legal authority to revoke a grant of parole until the enactment of Proposition 89, which occurred years after Reed had committed his crime. The claim is foreclosed by the decision in Johnson v. Gomez, 92 F.3d 964, 967 (9th Cir. 1996), cert. denied, 520 U.S. 1242 (1997), in which the Ninth Circuit held that Proposition 89's change in the governor's role in the parole process was not an ex post facto law.

## CONCLUSION

For the foregoing reasons,

1.  The due process claim in the petition warrants a response from respondent. The ex post facto claim is dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 24, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 28, 2008**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: August 5, 2008

Marilyn Hall Patel
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JESSE L REED,

        Plaintiff,

  v.

ROBERT L AYERS et al,

        Defendant.

Case Number: CV08-02858 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesse L. Reed D-07717
San Quentin State Prison
San Quentin, CA 94974

Dated: August 5, 2008

                                            Richard W. Wieking, Clerk
                                            By: Anthony Bowser, Deputy Clerk